The Honorable Horace A. Hardwick State Representative 4 Saddlewood Place Bentonville, AR 72712-4075
Dear Representative Hardwick:
You have presented the following questions for my opinion:
 (1) Do the commissioners of the Bentonville Advertising and Promotion Commission have sole authority for the use or pledge of its revenues derived from the AP tax as prescribed in A.C.A. § 26-75-606 and City of Bentonville Municipal Code 3.16.04(A)(2) in the creation of the AP Commission?
 (2) Does the City of Bentonville have the authority to make provisions that govern the revenue allocations of the city's advertising and promotion funds towards advertising and parks and other facilities as outlined in the City of Bentonville's Municipal Code 3.16, § 3.16.04(D)?
RESPONSE
Question 1 — Do the commissioners of the Bentonville Advertising andPromotion Commission have sole authority for the use or pledge of itsrevenues derived from the AP tax as prescribed in A.C.A. § 26-75-606and City of Bentonville Municipal Code 3.16.04(A)(2) in the creation ofthe AP Commission?
It is my opinion that the AP Commission has the sole authority for the use and pledge of revenues that are derived from the AP tax.
The AP Commission's primary authority over the use of AP tax revenues arises out of A.C.A. § 26-75-606, which states in pertinent part:
26-75-606. Use of funds collected.
* * *
 (2) The commission is the body that determines the use of the city advertising and promotion fund.
* * *
 (b)(1) Any city of the first class which is authorized to levy and does levy a tax pursuant to this subchapter is authorized to use or pledge all, or any part of, the revenues derived from the tax for the purposes prescribed in this subchapter or for the operation of tourist-oriented facilities, including, but not limited to, theme parks and other family entertainment facilities, or for the retirement of bonds issued for the establishment and operation of other tourist-oriented facilities, including, but not limited to, theme parks and other family entertainment facilities. These revenues shall be used or pledged for the purposes authorized in this subsection only upon approval of the city advertising and promotion commission created pursuant to this subchapter.
 (2) Funds credited to the city advertising and promotion fund pursuant to this subchapter may be used, spent, or pledged by the commission, in addition to all other purposes prescribed in this subchapter, on and for the construction, reconstruction, repair, maintenance, improvement, equipping, and operation of public recreation facilities in said city, including but not limited to facilities constituting city parks, and also for the payment of the principal of, interest on, and fees and expenses in connection with, bonds, as provided in this subchapter, in the manner as shall be determined by the city advertising and promotion commission for the purpose of such payment.
A.C.A. § 26-75-606 (emphasis added).
The language emphasized above is clear and unambiguous. The AP Commission has the ultimate authority to determine the disposition of AP tax revenues, and city council approval of the Commission's determination is not required by state law. Accord, Ops. Att'y Gen. Nos.2002-239; 97-259; 96-383; 96-050; 92-064.
It should be noted that if the electors of a city levy a gross receipts tax (rather than an AP tax) by way of a ballot that expressly dedicates the proceeds of that tax to the development, construction, and maintenance of city parks, those tax proceeds are not deposited into the AP fund, but rather into a special fund over which the mayor and the city council maintain control. See A.C.A. § 26-75-604(b). This provision, however, does not affect the AP Commission's authority to determine the use of AP funds.
Question 2 — Does the City of Bentonville have the authority to makeprovisions that govern the revenue allocations of the city's advertisingand promotion funds towards advertising and parks and other facilities asoutlined in the City of Bentonville's Municipal Code 3.16, § 3.16.04(D)?
It is my opinion that because the AP Commission is explicitly granted exclusive authority over the disposition of tax revenues that are deposited into the AP fund, the city council does not have the authority to direct that the revenue be allocated in particular ways. If a city ordinance does set forth a preferred allocation of the funds, the city council should be cognizant of the fact that the allocation set forth in the ordinance will constitute nothing more than the city council's recommendation to the commission, and the commission is in no way bound to adopt the city council's recommendation.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General